Case 4:19-cv-03046   Document 1-1   Filed on 08/15/19 in TXSD   Page 1 of 11

7/9/2019 12:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34975745
By: Miaeda Hutchinson
Filed: 7/9/2019 12:34 PM

Cause No. _____

| | | |
|---|---|---|
| **CHARLES D. BAUER** | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| **CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS, A TEXAS LLOYD'S COMPANY** | § § § § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Charles D. Bauer ("Bauer"), files this Original Petition against Defendant, Chubb Lloyd's Insurance Company of Texas, a Texas Lloyd's Company ("Chubb"), and respectfully states as follows:

### DISCOVERY PLAN AND CLAIMS FOR RELIEF

1. Discovery in this case is intended to be conducted under Level III as described in Rule 190.4 of the Texas Rules of Civil Procedure.

2. As required by Tex. R. Civ. P. 47(c), Plaintiff states that he is seeking monetary relief over $1,000,000.

### PARTIES

3. Plaintiff, Bauer, is an individual resident of the State of Texas who resides and works in Harris County, Texas.

4. Defendant, Chubb, is a domestic company. Chubb is registered to do business in Texas, is doing business in the State of Texas, and may be served with process

Certified Document Number: 86082217 - Page 1 of 10

**EXHIBIT 1**

via its registered agent in Texas: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5. The matters in controversy are exclusively state law issues, and no matter in controversy arises under any federal laws, rules or regulations. This suit is properly filed in this court because Defendant is a citizen of Texas for purposes of diversity and Plaintiff seeks damages within the jurisdictional limits of this court.

6. Venue is proper in Harris County, Texas on numerous grounds, including that the causes of action accrued in whole or in part in Harris County, Texas and the contract of insurance was delivered to Plaintiff in Harris County, Texas, and the contract of insurance relates to real property located in Harris County, Texas. Thus, pursuant to the provisions of §15.002 et seq., of the Texas Civil Practice & Remedies Code, venue is proper in Harris County, Texas.

## FACTUAL BACKGROUND

7. This case relates to insured, covered water damage to a home at 3646 Olympia, Houston, Texas. The water damage was discovered when the Bauer family returned to the home in mid-September 2017, a few weeks after Hurricane Harvey struck the Texas coast. Subsequently, Bauer discovered additional water damage to the home and reported the claim to Chubb, through his insurance agent, on September 25, 2017.

8. The claim was made pursuant to the policy of homeowners insurance (Policy No. 12241478-07; hereinafter the "Policy") that Bauer maintained on his home through Chubb. The policy of insurance, an "all perils" policy referenced as a "Texas Platinum"

2

policy, is unique in its coverage, and in the premium charged by Chubb for the coverage. The policy of insurance provides full mold coverage pursuant to the Texas Platinum Mold, Fungi or Other Microbes Coverage, at a separate premium of over $24,000 per year. In addition, the Policy purchased contained the Texas Platinum Extended Replacement Cost Endorsement and Replacement of Personal Property Endorsement, again at additional cost.

9. The Policy, as an "all perils" policy of insurance, provides extensive coverage not found in standard policies of insurance. The coverage provided in "SECTION I– PERILS INSURED AGAINST" reads:

> COVERAGE A (DWELLING) and COVERAGE B (PERSONAL PROPERTY) We insure against all risks of physical loss to property described in Section I Property Coverage, Coverage A (Dwelling) and Coverage B (Personal Property) unless the loss is excluded in Section I Exclusions.

10. The Policy had an effective date of August 1, 2017, and an expiration date of August 1, 2018, although Chubb insured the home continuously from when the construction of the house was completed in 2001, to the date of the filing of this Original Petition. As it was entitled to do, Chubb inspected the house before initiating coverage, and had the option to inspect the home at subsequent renewals. As noted, Chubb renewed the coverage just weeks before Hurricane Harvey hit the Texas coast.

11. The Policy insured the dwelling for $5,541,000, "other structures" for $1,108,200 and personal property for $3,324,600. As stated above, these amounts of coverage, both for the dwelling and personal property, are also subject to the Texas Platinum Mold, Fungi or Other Microbes Coverage Endorsement, the Texas Platinum

Extended Replacement Cost Endorsement, and Replacement of Personal Property Endorsement.

12. Chubb responded to the claim and began its inspections on September 26, 2017. At that first inspection by Chubb, it was agreed that Bauer should continue to undertake remediating efforts due to the moisture. In addition, Chubb's adjuster, Scott Shearer, suggested that Mr. Bauer use who he could find, given the lack of resources available in Houston following Hurricane Harvey/Tropical Storm Harvey. While Chubb provided that generalized statement, by October 3, 2017, request was made by Bauer to Chubb asking, "Any updates from Chubb on how to proceed? We really need some guidance."

13. By September 27, 2017, Bauer had expressed concerns that the situation presented health concerns to him and his family. In addition, Mr. Bauer, a post renal failure transplant recipient, is immune suppressed. Bauer notified Chubb of this fact when addressing the medical issues he and his family were experiencing.

14. By October 16, 2017, Bauer notified Chubb regarding continued remediation, additional moisture damage and mold found during the remediation efforts, and the need of his family to move from the house because of medical problems being experienced. By mid-October, each member of the Bauer family was experiencing problems, including sores, itching, numbness, congestion and other effects. Chubb consented to the Bauer family relocating from the house given the mold and health problems involved. For almost two years, the Bauer family has been unable to return to their home, and there is no prospect that they will ever be able to return to their home.

15. In October 2017, Bauer received an initial assessment of the mold issues from Mold Inspection Sciences ("MIS"). The MIS report dated October 9, 2017 confirmed the visible mold-like growth, elevated moisture content, water damage and odor. Samples taken by MIS confirmed the presence of mold in vast areas of the house. As Bauer learned, however, MIS did not test for toxic mycotoxins, nor was MIS able to assess the personal property contamination issues.

16. Given the limitations of the initial MIS report, Bauer located and retained Cadmus Environmental to prepare a Mold Remediation Protocol. Wendy Cadmus, a Texas Mold Assessment Consultant, conducted testing for both molds and mycotoxins at the Bauer house. Her findings established the presence of numerous molds, including Stachybotrys, Chaetomium, Aspergillus and Cladosporium. In addition, as Ms. Cadmus stated in her report, "due to the severity of the Bauers' health reactions (see complete list later in this section), and Mr. Bauer's vulnerability as a transplant patient, the decision was made to perform expensive and time-consuming mycotoxins testing to assess whether these toxic byproducts of mold were also present in the house." The testing determined the mycotoxins are present in the house, including the mycotoxins Tricothecene and Ochratoxin A. To this date, Chubb's retained experts have not conducted any testing for mycotoxins in the house.

17. Given the findings regarding the molds and mycotoxins in the Bauer house, the ultimate opinion reached by Wendy Cadmus was as follows: "Based on the serious nature of these health problems and the extensive presence of mycotoxins in the house, I

Certified Document Number: 86082217 - Page 5 of 10

do not recommend that they [Bauers] risk returning to this environment." The first recommended course of action in the Cadmus report was stated as follows:

> This house should be demolished **for the following reasons**:
> 
> - The identification of Stachybotrys, Aspergillus/Pencillium and Chaetomium mold in several areas of the house.
> - The widespread presence of mycotoxins detected on all three levels of the home and in the attic spaces and the immense difficulty of eliminating mycotoxins.
> - The extent and troubling nature of the health reactions reported by the homeowners during their stay in the mold damaged house, and by their reactions when subsequently exposed to items that remained in the home.

18. In addition to the reports of MIS and Cadmus Environmental, Bauer retained Becker Engineering and Blackmon Mooring to help assess what could be done. Chubb retained entities to test for mold, but not mycotoxins. Similarly Chubb had the moisture levels of building materials tested, but not until eight months after the claim, and eight months after Bauer located and rented dehumidifiers which have been running in the house consistently since October 2017 to try to protect against further damage. Despite Bauer's efforts, the house remains uninhabitable.

19. In late 2018, more than a year into the claim, Chubb demanded that Bauer prepare a Sworn Proof of Loss. Chubb's demand was not timely under the terms of the Policy. Bauer complied and submitted his Sworn Proof of Loss to Chubb on January 2, 2019. Chubb responded was a January 25, 2019, stating that "the proof of loss and demand you submitted for policy limits are inconsistent with the damages currently known to Chubb. Accordingly, we can neither accept nor reject the proof of loss at this time."

Certified Document Number: 86082217 - Page 6 of 10

Almost six more months have passed, and Chubb still has failed to accept or reject the claim, despite its obligations under the Texas Insurance Code and the Policy.

## CAUSES OF ACTION

### A. Breach of Contract

20. Incorporating the foregoing paragraphs, Bauer paid to Chubb all premiums and charges due under the terms of the Policy and performed all necessary obligations and conditions under the Policy. Plaintiff submitted requested information to Chubb, and by January 2, 2019, had submitted everything Chubb had requested including the Sworn Proof of Loss demanded by Chubb a year after Chubb's right to demand a Sworn Proof of Loss had passed. Chubb never requested additional information after the Sworn Proof of Loss was provided.

21. Bauer would show that the acts and omissions of Chubb constitute failures of Chubb to comply with its obligations to Bauer under the Policy. As a result of Chubb's failure to comply with its obligations to Bauer, Bauer has sustained the damages described below.

22. Bauer presented this claim to Chubb in September 2017, had supplied his Sworn Proof of Loss and all requested information to Chubb by January 2, 2019, and Chubb has wrongfully failed and refused to pay Bauer pursuant to his policy of insurance.

### B. Interest at 18% Per Annum as Damages – Prompt Payment Violations

23. Chubb is liable under the Policy and is not in compliance with §542.051, et seq. of the Texas Insurance Code. Chubb wrongly failed to pay Bauer's claim. As a result, Chubb is liable to Bauer for interest on the amount of the claim at the rate of 18 percent a

Certified Document Number: 86082217 - Page 7 of 10

year as damages, together with reasonable and necessary attorney's fees, pursuant to §542.060 of the Texas Ins. Code.

C.      **Attorney's Fees and Expenses**

24.     Incorporating the foregoing paragraphs, as a result of the acts and omissions of Chubb, Bauer has been required to retain the services of the undersigned attorneys to investigate, make demand for, and file this action to enforce his rights. Pursuant to Tex. Civ. Prac. & Rem. Code §38.001 et seq. and §542.060 of the Tex. Ins. Code, Bauer seeks an award of the reasonable and necessary attorneys' fees incurred in prosecuting Plaintiff's claims through trial, and in all post-trial proceedings in any Court of Appeals, as may be necessary.

## CONDITIONS PRECEDENT

25.     All conditions precedent to Bauer's recovery have been performed and have occurred.

## REQUEST FOR DISCLOSURES

26.     Under Texas Rule of Civil Procedure 194, Bauer requests that Chubb disclose with fifty (50) days of service of this request, all information or material described in Rule 194.2.

## PRAYER

For the foregoing reasons, Plaintiff, Charles D. Bauer, respectfully requests that Defendant, Chubb Lloyd's Insurance Company of Texas, a Texas Lloyd's Company, be cited to appear and answer herein, and that upon final trial or other disposition of this lawsuit, Plaintiff have and recover judgment against Defendant for the following:

a) actual damages and prompt payment damages as requested;

b) court costs and all reasonable and necessary attorneys' fees;

c) prejudgment and post-judgment interest at the maximum lawful rate; and

d) such other and further relief, in law or in equity, to which Plaintiff is justly entitled.

Certified Document Number: 86082217 - Page 9 of 10

Respectfully submitted,

**Hagans Montgomery & Rustay, P.C.**


By: ___*/s/ Fred Hagans*___
    **Fred Hagans**
    State Bar No. 08685500
    fhagans@hagans.law
    **Kendall C. Montgomery**
    State Bar No. 14293900
    kmontgomery@hagans.law
    3200 Travis, Fourth Floor
    Houston, Texas 77006
    Tel.: (713) 222-2700
    Fax: (713) 547-4950

    **Vincent L. Marable, III**
    State Bar No. 12961600
    trippmarable@sbcglobal.net
    **Paul Webb, P.C.**
    221 N. Houston Street
    Wharton, Texas 77488
    Tel.: (979) 532-5331
    Fax: (979) 532-2902

Date: July 9, 2019

Certified Document Number: 86082217 - Page 10 of 10



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   August 6, 2019

Certified Document Number:        86082217 Total Pages:  10

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**